UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY CROSBY,

                       Plaintiff,       **16-cv-6300 (MAT)**

                                       **DECISION AND ORDER**

        -vs-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

                       Defendant.
_____

**I.   Introduction**

Plaintiff Jeffrey Crosby ("plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security ("defendant" or "the Commissioner") denying his application for social security disability insurance benefits ("DIB"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is denied and defendant's motion is granted.

**II.   Procedural History**

On December 4, 2012, plaintiff filed an application for DIB, alleging disability as of August 31, 2012. Administrative

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

Transcript ("T.") 109-10. Following the denial of his application, a hearing was held at plaintiff's request on August 20, 2014, before administrative law judge ("ALJ") Connor O'Brien, at which testimony was given by plaintiff and a vocational expert. T. 37-74. The ALJ issued a decision dated November 26, 2014, in which she determined that plaintiff was not disabled as defined in the Act. T. 17-33. The ALJ's decision became the final determination of the Commission on March 15, 2016, when the Appeals Council denied plaintiff's request for review. T. 1-5. Plaintiff subsequently filed the instant action.

**III. The ALJ's Decision**

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2017. T. 22. At step one of the five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since August 31, 2012, the alleged onset date. *Id.* At step two, the ALJ found that plaintiff suffered from the severe impairments of degenerative disc disease of the lumbar spine, Schatzki's ring, depressive disorder, and anxiety disorder. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 23-25.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the

RFC to "perform light work as defined in 20 CFR 404.1567(b)" with the following limitations: sitting for a total of four hours in an eight-hour workday; standing for a total of four hours in an eight-hour workday; never climbing ropes, ladders, or scaffolds; never balancing on narrow, slippery, or moving surfaces; never bending to the floor; occasionally crouching, climbing stairs, kneeling, and crawling; performing only unskilled work; requiring a sit/stand option that allows for a position change every 45 minutes for up to five minutes without leaving the workstation; not maintaining an hourly, machine-driven, assembly line production rate; and requiring up to three short, unscheduled, less than five-minute breaks in addition to the regularly scheduled breaks. T. 25. At step four, the ALJ found that plaintiff was unable to perform any past relevant work. T. 31. At step five, the ALJ concluded that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. T. *32.* Accordingly, the ALJ found plaintiff not disabled.

**IV.  Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

### A. The ALJ Properly Accounted for Plaintiff's Right Shoulder Tendinopathy

Plaintiff contends that the Commissioner's decision was not supported by substantial evidence because the ALJ failed to account for his impairment of right shoulder tendinopathy in her RFC determination. In support of this contention, plaintiff argues that (1) the ALJ should have included limitations based on this impairment in her RFC determination and (2) additional evidence submitted to the Appeals Council compelled the conclusion that the impairment was severe. These arguments are unavailing.

The medical evidence of record shows that plaintiff first complained of right shoulder pain in March 2014, a little over a year and a half after his alleged disability onset date. T. 347. On March 20, 2014, plaintiff was seen by Dr. Jennifer Kessler and reported a two week history of right shoulder pain. T. 443. Dr. Kessler assessed plaintiff with shoulder tendonitis and instructed him to avoid lifting weights "for at least a few weeks" and to use ice and tylenol for pain relief. *Id*. Dr. Kessler informed plaintiff that his tendonitis would resolve on its own with "time and rest." *Id*. Plaintiff reported to an urgent care clinic on April 9, 2014, and noted that his pain had "minimally improved" since being seen three weeks earlier. *Id*. Plaintiff had a full range of motion in his right shoulder, but had significant

pain with active and passive abduction past 90 degrees. T. 348. He was referred to physical therapy, and instructed to take tylenol for pain. T. 347-48. Plaintiff underwent physical therapy (see T. 330-37), which improved his pain to 3-4 out of 10 with no deep shoulder pain. T. 332. Plaintiff was seen on June 20, 2014, and on physical examination had no postural or anatomic abnormalities, was non-tender to palpitation, and had intact and symmetric strength in his upper extremities. T. 362. Plaintiff showed "some pain" with right shoulder abduction greater than 90 degrees and with external rotation of the arm. T. 362-63. He was referred to an orthopedist for possible steroid injections and instructed to continue conservative measures in the interim (rest, no heavy lifting/exacerbating movements, tylenol for pain). T. 363. In her decision, the ALJ reviewed and discussed the evidence of record regarding plaintiff's right shoulder tendinopathy and concluded that it was a non-severe impairment because there was no evidence to support the conclusion that it would meet the 12-month durational requirement. T. 23. The ALJ expressly noted that she had considered both severe and non-severe impairments in making her RFC finding. *Id*.

An ALJ must "consider all of plaintiff's impairments, both severe and non-severe, when reaching an RFC determination." *Jackson v. Colvin*, 2016 WL 1578748, at *4 (W.D.N.Y. Apr. 20, 2016) (citing 20 C.F.R. § 404.1545(a)(2)). Here, plaintiff contends that the ALJ's RFC finding contained no limitations related to his right

5

shoulder tendinopathy. The Court disagrees. The ALJ limited plaintiff to light work, which is fully consistent with his physician's recommendation that he avoid heavy lifting. *See, e.g., Lewis v. Colvin*, 548 F. App'x 675, 677 (2d Cir. 2013) (restriction to light work accounted for physician's direction to avoid heavy lifting and carrying). Plaintiff argues that the ALJ should not have found that he was capable of jobs requiring occasional or frequent reaching, handling, and fingering, but has pointed to no medical evidence of record that would support this conclusion, nor has the Court found any such evidence in its review. Accordingly, plaintiff has failed to establish that the ALJ's RFC finding was flawed. *See Sherman v. Comm'r of Soc. Sec.*, 2015 WL 5838454, at *5 (N.D.N.Y. Oct. 7, 2015) (upholding the Commissioner's finding of non-disability where "there is no evidence in the record that [plaintiff's] non-severe impairments impose limitations greater that the residual functional capacity established by the ALJ").

Plaintiff also argues that the additional evidence submitted to the Appeals Council compels that conclusion that his right shoulder tendinopathy was a severe impairment. Specifically, plaintiff points to "Ambulatory Encounter Notes" authored by Dr. Marabel Schneider in September 2014. T. 513-16. In her notes, Dr. Schneider stated that plaintiff continued to complain of right shoulder pain, which had persisted despite joint injections. T. 514. Dr. Schneider noted that an MRI had found suprapinatus tendinopathy and AC joint arthrosis, no tear, which she described

6

as "negative for significant findings." T. 514-15. Dr. Schenider opined that "there may be a depression component to [plaintiff's shoulder] pain" and that it was potentially related to "family stressors involving daughter's mental health." T. 514. She instructed plaintiff to continue using tylenol and to follow up "if pain persists." *Id*. Because Dr. Schneider was a resident, Dr. Nancy S. Clark authored a reviewing note in which she stated that she had also seen plaintiff and that she agreed with Dr. Schneider that his pain was "out of proportion to physician findings and MRI" and that further investigation was necessary to "discern[] the cause of the pain." T. 515.

Contrary to plaintiff's argument, nothing in Dr. Schneider's or Dr. Clark's notes suggests that plaintiff's tendinopathy is a severe impairment. Neither doctor opined that plaintiff's pain was expected to continue for more than 12 months; to the contrary, the instruction that plaintiff follow up only *if* his pain persisted necessarily implies an expectation that it would resolve. Moreover, Drs. Schneider and Clark were clear that the pain claimed by plaintiff was unsupported by clinical findings or the results of his MRI, Dr. Schneider opined that it likely had a psychological component, and Dr. Clark indicated that additional investigation was required to uncover the root causes. Accordingly, plaintiff's contention that "his impairment was not amendable [sic] to treatment" (Docket No. 9-1 at 14) is simply unsupported by the

7

record. The Appeals Council thus did not err in declining to review the ALJ's decision.

### B. The ALJ Did Not Err in Finding that Plaintiff Required a Sit/Stand Option without Leaving his Workstation

Plaintiff's final argument is that the ALJ erred in finding him capable of sitting for four hours, standing for four hours, and walking for four hours so long as he had the ability to change positions every 45 minutes without leaving his workstation. Plaintiff contends that "this specific formulation is not supported by any medical evidence." Docket No. 9-1 at 14.

While the "ALJ cannot arbitrarily substitute his own judgment for a competent medical opinion," *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999), "the ALJ's RFC finding need not track any one medical opinion." *Id.*; *see also O'Neil v. Colvin*, 2014 WL 5500662, *6 (W.D.N.Y. Oct. 30, 2014)("Although [an] ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he [is] entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole.")(citing *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013)).

Here, although no medical source opined precisely that plaintiff needed to change positions every 45 minutes, the ALJ's RFC finding is supported by substantial evidence. Chiropractor Kris Kinsley opined that plaintiff needed to change positions from sitting to standing to walking "frequently," which he defined as

8

"every 20 minutes." T. 237. The ALJ gave "some weight" to DC Kinsley's opinion, noting that it was only "partially consistent" with the medical evidence of record and that it was contradicted in some respects by plaintiff's own testimony. T. 28-29. Indeed, plaintiff testified that he maintained the same position for up to 30 minutes. *See* T. 45, 51, 56. Moreover, consultative examiner Dr. Elizama Montalvo opined that plaintiff had only a "moderate limitation" in walking and standing and found no limitations in sitting. T. 260-62. The ALJ was permitted to base her RFC determination on a combination of the more-restrictive opinion of DC Kinsely and the less-restrictive opinion of Dr. Montalvo. *See Blaisdell v. Comm'r of Soc. Sec.*, 2016 WL 5415778, at *3 (N.D.N.Y. Sept. 28, 2016) (upholding ALJ's determination that plaintiff required a sit/stand option that allowed him to change position every 40 minutes without leaving his workstation where one physician opined that he required an option to shift positions at will and another physician opined that he had no limitations in his ability to sit, stand, or walk). Accordingly, the Court finds that remand is not warranted.

For the reasons set forth above, and upon its review of the record in its entirety, this Court finds that the record contains substantial evidence to support the ALJ's determination. As a result, the Court upholds the Commissioner's final decision.

9

**CONCLUSION**

For the foregoing reasons, defendant's motion for judgment on the pleadings (Docket No. 15) is granted, and plaintiff's motion for judgment on the pleadings (Docket No. 9) is denied. The complaint is dismissed in its entirety with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                   S/ MICHAEL A. TELESCA
                                          HONORABLE MICHAEL A. TELESCA
                                          UNITED STATES DISTRICT JUDGE

DATED: Rochester, New York
       July 18, 2017